UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| OLYNTHEA JOHNSON, | * | |
| as Administrator of the Estate of | * | |
| KENNETH JOHNSON, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| STATE OF VERMONT, | * | |
| DEPARTMENT OF CORRECTIONS; | * | DOCKET NO.: 2:22-cv-00029-cr |
| ROBERT WRIGHT; | * | |
| SIRENA ZAHN; | * | |
| BRIAN MERCER; | * | |
| CENTURION OF VERMONT, LLC.; | * | |
| STEVEN FISHER, M.D.; | * | |
| DANIEL HOLLOWAY, M.D.; | * | |
| MARY MARTIN; | * | |
| MICHELE CARDINAL; | * | |
| SABINE WATSON; and | * | |
| UNKNOWN NURSES, | * | |
| Defendants. | * | |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT CENTURION OF VERMONT**

NOW COMES Plaintiff, by and through her attorneys, Costello, Valente & Gentry, P.C.,

and moves, pursuant to F.R.C.P. 37(d), to Order sanctions for Defendant, Centurion's failure to

appear at a noticed 30(b)(6) deposition.

**MEMORANDUM**

1. **Factual Summary**.

On February 28, 2023, Plaintiff sent Defendant Centurion a draft notice of deposition

pursuant to F.R.C.P. 30(b)(6) to "confer in good faith about the matters for examination." That

same day, counsel for Defendant replied that she had "reviewed the subject areas and would like

to propose that we postpone any 30(b)(6) deposition until after the parties engage in written

COSTELLO,
VALENTE
& GENTRY, P.C.

51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO,
VERMONT
05302

802-257-5533

discovery as written discovery may adequately address some of the proposed topics." Exhibit 1.

She further asked if Plaintiff would agree to stay discovery pending decisions on the partial

Motions to Dismiss. *Id.*

Plaintiff rejected both proposals to stay the deposition and discovery.  Thereafter,

Plaintiff served a notice of deposition on Centurion pursuant to F.R.C.P. 30(b)(6) on March 8,

2023. On the same day, Plaintiff emailed counsel for Defendants asking if the noticed date of

April 3, 2023, was unacceptable and if anyone needed to reschedule. Defendants did not respond,

so Plaintiff made arrangements for a court reporter and set aside time to prepare.

On March 27, 2023, counsel for Centurion called the undersigned about the upcoming

deposition.  She again asked if Plaintiff would agree to stay the deposition. Plaintiff again

declined.

At 3:05 PM on Friday March 31, 2023, Defendant emailed Plaintiff about the deposition

scheduled for the following Monday. See exhibit 2. She stated: "I am waiting for approval on the

designated witness. I hoped to have this resolved by this afternoon. If I don't hear by 5:00 today,

I will ask to move the deposition to another day." *Id.*  (Earlier that day, the court reporter had

emailed the deposition Zoom link to all counsel in this case. Exhibit 3. Defendant Centurion did

not say anything in response.)

Plaintiff did not receive any further communication from Defendant after 5:00 p.m. that

day, or before the noticed deposition was scheduled to commence.

Plaintiff and State of Vermont counsel and court reporter were present for the deposition

on the morning of April 3rd per the deposition notice. Defendant Centurion was not present. To

date, Centurion has not proposed any available dates to complete this deposition.

COSTELLO,
VALENTE
& GENTRY,P.C

51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO,
VERMONT
05302

802-257-5533

2

2. **Plaintiff has attempted to confer with Centurion**.

As described above and in the attached affidavit, counsel for Plaintiff has attempted to confer with Defendant on all matters relating to this deposition and dispute over sanctions.

3. **Sanctions**.

This court may Order Sanctions against Defendant Centurion. F.R.C.P. 37 (d). A court may prohibit "the disobedient party from supporting or opposing designated claims or defenses." *Id*. Plaintiff sought discovery here of Centurion's policies, procedures, and training in order to identify its services and duty in providing medical care to inmates in Vermont. Plaintiff should be entitled to sanctions related to these matters for Centurion's failure to designate a witness.

In this case, Defendant Centurion previously argued that insufficient facts were alleged against it to sustain any claims. Doc 42 at 2. As briefed in Plaintiff's Opposition, such a defense fails. That argument should now be deemed waived as a sanction for Centurion's failure to comply with Plaintiff's notice of deposition. Centurion should be further estopped from making any subsequent argument that it did not owe a duty to Plaintiff in this case to identify, treat, and provide emergent life-saving care.

The court should also order Defendant pay expenses and attorneys fees to Plaintiff for its failure to comply with deposition notice. See F.R.C.P. 37(a)(5)(A).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court grant the instant Motion to Compel and Order Sanctions on Defendant Centurion or Vermont, LLC.

COSTELLO,
VALENTE
& GENTRY, P.C.

51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO,
VERMONT
05302

802-257-5533

DATED at Brattleboro, County of Windham, and State of Vermont, this 21st day of

April, 2023.

By: __*/s/ James A. Valente*_____
    James A. Valente, Esq. ERN: 4847
    COSTELLO, VALENTE & GENTRY, P.C.
    Attorneys for Plaintiff
    P.O. Box 483
    Brattleboro, VT 05302
    (802) 257-5533
    valente@cvglawoffice.com

    */s/ Zachary Hozid*_____
    Zachary Hozid, Esq.
    COSTELLO, VALENTE & GENTRY, P.C.
    Attorneys for Plaintiff
    P.O. Box 483
    Brattleboro, VT 05302
    (802) 257-5533
    hozid@cvglawoffice.com

COSTELLO,
VALENTE
& GENTRY, P.C.

51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO,
VERMONT
05302

802-257-5533

4