UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| OLYNTHEA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-00029 |
| ) | |
| STATE OF VERMONT, DEPARTMENT OF ) | |
| CORRECTIONS; ROBERT WRIGHT; ) | |
| SIRENA ZAHN; BRIAN MERCER; ) | |
| CENTURION OF VERMONT, LLC; ) | |
| STEVEN FISHER; DANIEL HOLLOWAY; ) | |
| MARY MARTIN; MICHELE CARDINAL; ) | |
| SABINE WATSON; UNKNOWN NURSES, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**
(Doc. 82)

Plaintiff Olynthea Johnson, administrator of the Estate of Kenneth Johnson, moves this court pursuant to Fed. R. Civ. P. 37(d) for sanctions against Defendant Centurion of Vermont, LLC ("Centurion") for failure to appear at a noticed Rule 30(b)(6) deposition beyond the court reporter's fee. (Doc. 82.) Centurion opposed the motion on May 5, 2023 (Doc. 86), but has agreed to pay the court reporter's fee. The court took this motion under advisement on May 19, 2023.

Plaintiff is represented by James A. Valente, Esq. and Zachary D. Hozid, Esq. Centurion is represented by Pamela L.P. Eaton, Esq.

**I.   Procedural and Factual Background.**

On February 28, 2023, Plaintiff's counsel, Zachary Hozid, Esq., sent Centurion's counsel, Pamela Eaton, Esq., a draft notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6). Attorney Eaton replied the same day, confirming receipt and proposing that the parties postpone the 30(b)(6) deposition until after they engaged in written discovery. She advised that she wanted to file a motion to stay discovery until the court issued its rulings

on the pending motions to dismiss and asked for Attorney Hozid's consent. *See* Doc. 82-1 at 1. Attorney Hozid rejected this request.

On March 8, 2023, Plaintiff's counsel served a notice of deposition on Centurion pursuant to Fed. R. Civ. P. 30(b)(6) and asked whether the scheduled April 3, 2023 date was acceptable. Centurion's counsel did not respond. Attorney Eaton states that she "was unable to determine if that date was acceptable without first identifying an individual or individuals to sit for the deposition." (Doc. 86-1 at 2, ¶ 6.) Plaintiff arranged for a court reporter for the April 3, 2023 deposition.

On March 27, 2023, Attorney Eaton called Plaintiff's counsel about the deposition and again asked if Plaintiff would agree to postpone it "because she was having difficulty identifying someone who could be deposed about the various topics listed in the deposition notice" as Centurion no longer conducts business in Vermont. *Id.* at ¶ 7a. Plaintiff again declined Attorney Eaton's request. Attorney Eaton states that during this phone call, she "proposed a compromise that would allow her to have the individuals in the video footage identified outside the 30(b)(6) deposition process" and that "Plaintiff's counsel agreed with this proposal[.]" *Id.* at 3, ¶ 7b. Attorney Eaton asserts that "Plaintiff's counsel should have understood" pursuant to the March 27, 2023 telephone call that Centurion "was diligently working to find and identify an individual or multiple individuals to sit for the 30(b)(6) deposition" and that Attorney Eaton "was willing to be creative in the method of finding and providing the requested information to Plaintiff's counsel." *Id.* at ¶ 8.

At 3:05 p.m. on Friday, March 31, 2023, Attorney Eaton emailed Attorney Hozid about the deposition and stated: "I am waiting for approval on the designated witness. I hoped to have this resolved by this afternoon. If I don't hear by 5:00 today, I will ask to move the deposition to another day." (Doc. 82-2 at 1.) Plaintiff did not receive further communication from Centurion after 5:00 p.m. Attorney Eaton states that she "understood that the deposition would be off for the Monday deposition time if the issue of witness designation was not resolved by 5:00 [p.m.] on Friday[,] March 31, 2023." (Doc. 86-1 at 3, ¶ 9.) When a witness was not identified by that time, and because

Plaintiff's counsel did not respond with questions about the status of the witness designation, Attorney Eaton believed that the deposition was canceled.

On April 3, 2023, approximately thirty minutes prior to the deposition's scheduled start time, Plaintiff's counsel sent Attorney Eaton a thirteen-page proposed protective order for Centurion's review and signature prior to the scheduled deposition. "This was the first time Plaintiff's counsel provided [Attorney Eaton] a copy of the protective order or requested to have the 30(b)(6) deponent sign the document, despite the document being signed by Plaintiff's counsel on August 4, 2022." *Id.* at 4, ¶ 10. Attorney Eaton understood the protective order was "an indication that [the] deposition was cancelled as it would require [Attorney Eaton] to review the document, negotiate the terms with Plaintiff's counsel," and "be approved by the [c]ourt[,]" all of which "could not have occurred within the thirty-minute time frame from the time Plaintiff's counsel sent the document and when the deposition was scheduled to start." *Id.* at ¶ 11.

Plaintiff, counsel for the Vermont DOC, and a court reporter were all present for the deposition on the morning of April 3, 2023. Centurion and its counsel were not.

Since April 3, 2023, Attorney Eaton asserts that Centurion has provided Plaintiff's counsel with information related to the names of the nursing staff in the video surveillance and has additionally located and identified a Rule 30(b)(6) witness. The deposition was rescheduled to May 18, 2023. Centurion asserts that it "was not attempting to avoid a Rule 30(b)(6) deposition" but was "simply having difficulty locating and identifying a witness who could address the topics cited by Plaintiff's Rule 30(b)(6) deposition notice." (Doc. 86 at 3.)

As a sanction for its non-attendance at the Rule 30(b)(6) deposition, Plaintiff requests that the court deem Centurion "estopped from making any subsequent argument that it did not owe a duty to Plaintiff . . . to identify, treat, and provide emergent life-saving care." (Doc. 82 at 3.) Plaintiff also requests that the court order Centurion to pay Plaintiff's expenses and attorney's fees.

3

## II. Conclusions of Law and Analysis.

"The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

> Under Rule 37, "[c]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." . . . Rule 37 places the burden of proof on the disobedient party to show "that his failure is justified or that special circumstances make an award of expenses unjust." . . . [A] party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith.

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148-49 (S.D.N.Y. 2014) (internal citations omitted).

"[I]mposition of sanctions under Rule 37 'is within the discretion of the district court[.]'" *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). Courts in the Second Circuit:

> consider various, non-exclusive factors, including and pertinent to a party's failure to appear for [their] deposition: (1) "the willfulness of the non-

4

compliant party or the reason for noncompliance"; (2) "the efficacy of lesser sanctions"; (3) "the duration of the period of noncompliance" and (4) "whether the non-compliant party had been warned of the consequences of noncompliance."

*Jackson-Lipscomb v. City of New York*, 2019 WL 6138629, at *4 (S.D.N.Y. Oct. 7, 2019) (quoting *SEC v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013)).

Plaintiff's counsel knew that Centurion was having difficulty locating and identifying a witness to attend the Rule 30(b)(6) deposition. Centurion offered alternative methods by which to obtain at least some of the information sought while continuing to attempt to identify a Rule 30(b)(6) witness. The period of noncompliance was brief and arose from genuine and reasonable confusion rather than an effort to thwart Plaintiff's discovery.

Although Centurion and its counsel should have confirmed in writing that the Rule 30(b)(6) deposition was canceled, or at least postponed, their failure to do so was inadvertent. Any prejudice has been rectified because the deposition took place on May 18, 2023. Attorney Eaton "asked for a breakdown of attorney time spent preparing for the deposition and agreed to respond accordingly[,]" (Doc. 82-4 at 2 ¶ 5), which Attorney Hozid sent her on April 19, 2023. This information is not before the court.

Issue preclusion is a severe sanction and should be used sparingly and only when no lesser sanctions are appropriate. *See Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) ("Severe sanctions are justified . . . when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable."); *see also Kuhns Bros., Inc. v. Fushi Int'l, Inc.*, 2008 WL 11483398, at *3 (D. Conn. March 7, 2008) ("The [c]ourt has a preference for deciding cases on the merits rather than through the sanction of issue preclusion."). It should be preceded by a judicial warning that this sanction may result if noncompliance continues. *See Daval*, 951 F.2d at 1366 (explaining that warnings are not "an absolute condition precedent" but "often precede the imposition of serious sanctions"). There is no factual or legal basis for this harsh sanction in this case. In addition, the court concludes that an award of attorney's fees is not warranted. Centurion and its counsel's noncompliance was

5

the result of an honest mistake. It was not willful, there was no bad faith, and no judicial warning preceded Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for sanctions against Centurion (Doc. 82).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of August, 2023.

Christina Reiss, District Judge
United States District Court